IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18CV259

| | | |
|---|---|---|
| SEAN LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA; TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. The Plaintiff has filed a response in opposition, and the Defendants have filed a Reply. This matter is therefore ripe for disposition.

**FACTUAL BACKGROUND**

Plaintiff, an African-American, was employed by Defendant Teachers Insurance and Annuity Association of America ("TIAA"). He was terminated in August of 2017 after TIAA discovered that he had sent personal packages using TIAA's corporate CampusShip account. (Compl. ¶¶ 12-24). Although he admits the misconduct, he alleges that he "is aware of white employees of TIAA who had used the TIAA UPS CampusShip account for personal packages, and who were not disciplined or terminated as a result." (*Id*. at ¶ 28). He does not name these employees. Plaintiff filed this Complaint asserting claims for unlawful race discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e ("Title VII") and 42 U.S.C. § 1981.

1

**DISCUSSION**

In response to Defendants' motion, Plaintiff has now voluntarily withdrawn his Title VII claim, as it was clear that he had failed to exhaust his administrative remedies. Left remaining is Plaintiff's race discrimination claim for disparate treatment pursuant to 42 U.S.C. § 1981.

As the Supreme Court has explained, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To state a plausible claim of discrimination and withstand dismissal, a plaintiff alleging disparate treatment discrimination must adequately allege his comparators. "[O]nce a plaintiff bases her allegations entirely upon a comparison to an employee from a non-protected class, she must demonstrate that the comparator was 'similarly situated' in all relevant respects." *Sillah v. Burwell*, 244 F. Supp. 3d 499, 512 (D. Md. 2017) (internal quotation marks omitted) (dismissing Section 1981 claim pursuant to Rule 12(b)(6)). "Such a showing would include evidence that the employees 'dealt with the same supervisor, [were] subject to the same standards and ... engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Haywood v. Locke*, 387 Fed. App'x 355, 359 (4th Cir. 2010) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir.1992)).

Here, Plaintiff's allegations point out the substantial differentiating circumstances that distinguish TIAA's treatment of him vis-à-vis his alleged comparators: TIAA did not know who the unnamed white employees were, and Plaintiff refused to tell them. Plaintiff alleges in his Complaint:

> Mr. Lawrence stated that he was aware of other employees who also used TIAA's UPS CampusShip account for personal packages. He declined to identify these other employees, because he did not want to get his co-workers in trouble.

2

(Compl. ¶ 23). These allegations admit not only that Plaintiff did not provide names to TIAA in order to enable TIAA to investigate, but that he believed TIAA did not know who those unnamed white employees were—otherwise he would not have been concerned about getting them "in trouble."

An employer must have knowledge of the relevant circumstances in order to be expected to mete out similar discipline. As this Court has explained, "unless the plaintiff can prove the decisionmaker 'knew of the [comparators' misconduct] the events cannot be considered in determining whether [plaintiff and his comparators] are similarly situated.'" *Perry v. Mail Contractors of Am., Inc.*, 3:12CV405, 2013 WL 6119226, at *6 (W.D.N.C. Nov. 21, 2013) (quoting *Duggan v. Sisters of Charity Providence Hospitals*, 663 F.Supp.2d 456, 463 (D.S.C. 2009)), *aff'd*, 589 Fed. Appx. 617 (4th Cir. 2014). When a complaint admits misconduct by the plaintiff and alleges facts indicating the employer was unaware of comparable misconduct by the supposed comparators, the complaint does not state a claim of disparate treatment. *See Curry v. Philip Morris USA, Inc.*, 3:08CV609, 2010 WL 431692, at *4 (W.D.N.C. Feb. 4, 2010) (dismissing disparate treatment claim and observing that "[b]y Plaintiff's own admission, she violated clear and unambiguous company policy . . . . Common sense dictates that in light of this fact, the Court can draw no more than the 'mere possibility' of discrimination from the other facts alleged").

Plaintiff's Complaint fails to establish a plausible basis for concluding his termination was the result of unlawful discrimination. Accordingly,

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is hereby GRANTED, and Plaintiff's Complaint is dismissed with prejudice.

Signed: August 31, 2018

Graham C. Mullen
United States District Judge